OLIVER N. SHANNON *vs.* HARRIET M. SHANNON.

Before the passing of the *St.* of 1855, *c.* 137, § 6, this court had no power to grant alimony until after a decree of divorce.

LIBEL, under Rev. Sts. *c.* 76, § 6, for a divorce from bed and board, for utter desertion. The respondent filed an answer, and also a petition for alimony pending the suit. After a hearing of the parties before *Metcalf,* J. the petition was denied; the judge being of opinion that the law did not authorize the court to grant it. To this denial exceptions were alleged.

*J. H. Wakefield,* for the petitioner. At common law, alimony during the suit is granted, as well as permanent alimony. Shelford on Marriage & Divorce, 586, 587. Such being the common law, it was the law of the colony and province of Massachusetts, and was in force when the state constitution was adopted in 1780. *Lautour* v. *Teesdale,* 8 Taunt. 836. *The King* v. *Brampton,* 10 East, 288. *Commonwealth* v. *Chapman,* 13 Met. 73. That constitution declared that the governor and council should hear all causes of marriage, divorce and *alimony,* (as they previously had under the province law, found in Anc. Chart. 243,) until other provision should be made by the legislature. By " alimony " was meant that of the common law, intermediate as well as permanent. The *St.* of 1785, *c.* 69, § 7, transferred to this court the authority to try that class of causes, but made no change in the law of the causes. Nor do the Rev. Sts. *c.* 76, make any change. Unless, therefore, this court has authority to grant alimony pending a libel, that authority still remains in the governor and council. But it is provided by § 38 of *c.* 76 of the revised statutes, that when the course of proceedings is not specially prescribed, the court may determine this class of causes according to the course of proceedings in the ecclesiastical courts and courts of chancery. All alimony is incident to a libel; for there can be no suit for alimony, independent of a libel filed. *Ball* v. *Montgomery,* 2 Ves. Jr. 195. *St.* 1785, *c.* 69, § 8. And it is the doctrine of the American courts, that alimony

is to be allowed, pending suit. 2 Barb. Ch. Pract. 265. See also Bishop on Marriage & Divorce, §§ 18, 549–577. The *St.* of 1851, *c.* 82, § 1, authorizing the court to require a husband to advance money to enable his wife to maintain her libel, or defend against his, is in affirmance, and not in limitation, of the preëxisting law.

*C. G. Loring & G. F. Farley,* for the libellant. The fact, that this is the first known attempt to obtain a decree for alimony *pendente lite,* is strong evidence that the law does not warrant it. In New Hampshire, where the constitution and the laws are very like our own, it has been held that such alimony cannot be granted. *Parsons* v. *Parsons,* 9 N. H. 319. And the contrary cannot be deemed the American doctrine. It prevails in some of the States, and in others not. Page on Divorce, 264 *& seq.* The English law of divorce was never the law of New York. *Burtis* v. *Burtis,* Hopk. 557. Nor was it ever the law of Massachusetts.

METCALF, J. A full history of our early law of divorce is nowhere to be found ; nor are the materials for such a history readily accessible. Since the time of the province charter, however, thus much is plain : That by *St.* 4 W. & M. (Anc. Chart. 243,) it was enacted that all controversies concerning marriage and divorce should be heard and determined by the governor and council; that by the state constitution, *c.* 3, art. 5, it was declared that this jurisdiction of the governor and council, in causes of marriage, divorce and alimony, should continue, until the legislature should, by law, make other provision ; that no other provision was made, until the legislature, by *St.* 1785, *c.* 69, § 7, directed that all questions of divorce and alimony should be heard and tried by the supreme judicial court; and that this court has ever since had exclusive jurisdiction of those questions.

In February 1792, the legislature passed a resolve "for dissolving the bond of matrimony" between the parties therein named. But this resolve was vetoed by Governor Hancock, for the reason that, in his opinion, before the *St.* of 1785, *c.* 69, was passed, the governor and council had, by the constitution,

exclusive authority to decree divorces, and that, after that statute was passed, the same exclusive authority was in the supreme judicial court. 12 Journals of the Senate, 190–192. It is not known by us that the legislature have since attempted to dissolve a marriage.

By the English law, alimony *pendente lite* may be granted. And the argument for the petitioner is, that by conferring jurisdiction in cases of divorce and alimony, authority was conferred to grant all such alimony as the English courts could grant. But we are of opinion that the authority to grant alimony, like the authority to grant divorces, is confined to the cases expressly mentioned in the statutes. And we find that, since the constitution was adopted, all the statutes, which authorize the granting of alimony, authorize it only after a decree of divorce. *Sts.* 1785, *c.* 69, § 5; 1805, *c.* 57; 1810, *c.* 119; Rev. Sts. *c.* 76, §§ 31, 32; 1838, *c.* 126, § 2; 1844, *c.* 129; 1850, *c.* 100, § 3; 1853, *c.* 23. The 38th section of *c.* 76 of the revised statutes, cited in argument, provides a mode of carrying into effect the provisions of the preceding sections, but adds nothing to those provisions. See *Wilson* v. *Wilson,* 2 Dev. & Bat. 377; *Harrington* v. *Harrington,* 10 Verm. 505; *Parsons* v. *Parsons.* 9 N. H. 309.

If the power, which the petitioner now invokes, ever existed in any tribunal in Massachusetts, either during the time of the colony or the province, (of which no evidence has been submitted to us,) we are of opinion that it ceased, when jurisdiction of divorces and alimony was transferred to this court, and the cases in which it might decree divorces and alimony were specified. *Exceptions overruled.*[*]

[*] By *St.* 1855, *c.* 137, § 6, " in causes for divorce depending, the wife shall be entitled to alimony *pendente lite.*"